No. 788.

HEIRS OF ONEZIME ISAAC THIBODEAUX *v.* FELIX VOORHIES, Testamentary Executor, et als.

Where the character of the suit, as ascertained from the prayer of the petition, is not an· action of revindication, but is simply a suit to annul a will, because the formalities prescribed by law were not observed in making it, the parish court, which admitted the will to probate, has jurisdiction of the case.

Where the formalities required by Art. 1578, Revised Code, were not complied with, a will is not good as a nuncupative testament by public act, nor can it be held good as a nuncupative will by private act, when the proof adduced fails to show that the formalities. required for it have been observed.

APPEAL from the Parish Court, parish of St. Martin. *Z. T. Fournet,.* Special Judge, in the place of the parish judge, recusing himself. *Gabriel A. Fournet, DeBlanc & Perry,* for plaintiffs and appellees. *Felix Voorhies* and *Edward Simon,* for defendants and appellants.

WYLY, J. This is a suit by the heirs at law of O. J. Thibodeaux to· annul his nuncupative will by public act:

*First*—Because the said nuncupative testament does not state that it was received by the notary in the presence of three witnesses residing in the place where the will was executed, or by five witnesses not residing in the place;

*Second*—Because it does not state that it was dictated by the testator to the notary and written by him as dictated;

*Third*—Because the said testament does not state that it was read to the testator in the presence of the witnesses.

The defendants pleaded the general issue, and averred that the will is clothed with the formalities required by law and is valid to all intents and purposes.

They subsequently excepted, on the ground that the suit is an action of revendication, and, as the amount involved exceeds $500, the parish court is without jurisdiction.

The character of the suit, as ascertained from the prayer of the petition, is not an action of revindication; it is simply a suit to annul the will because the formalities prescribed by law were not observed in making it.

The parish court, which admitted the will to probate, has jurisdiction of the case.

The will recites that, at the request of the testator, the notary, with the three witnesses mentioned therein, repaired to his residence, and he (the testator) "requested me to write his testament, which I did at his dictation, as follows:"—Here the dispositions are written, and the act concludes as follows:

"And the said Onezime I. Thibodeaux having declared that he had nothing else to add to the testament, it was closed, and immediately thereafter I read, in a loud and intelligible voice, the will, and he declared that he well understood it; and he persisted in declaring that it contained his last will. This act done and signed at the residence of Onezime Isaac Thibodeaux, in presence of Messrs. Auguste Guilbeau, Elisee Guilbeau and Charles Porter, competent witnesses for the purpose, who have signed the same with testator, and me, the notary, all after being read, and without interruption or turning aside to other acts."

It is very obvious that the formalities required by article 1578, Revised Code, were not complied with. There is no express mention that the witnesses were present at the dictation, nor at the reading to the testator. Devall v. Palms, 20 An. 202; Succession of Clement Wilkins, 21 An. 115, and authorities there cited.

But the defendants contend that, if the will is not good as a nuncupative testament by public act, it is good as a nuncupative will by private act.

The proof adduced, however, fails to show that the will was read to the witnesses in the presence of the testator. Revised Code 1582. There are also only three attesting witnesses, and the evidence fails to satisfy us that a greater number could not be had. Revised Code 1583.

It is unnecessary to consider the exceptions taken by the defendants to the ruling of the court in refusing to allow their amended answer to be filed, because the evidence it was intended to lay the foundation for, was admitted by the court.

It is therefore ordered, that the judgment of the court a qua annulling the will be affirmed, with costs of both courts.